STOULIG, Judge,
dissenting.
I respectfully dissent.
Plaintiffs, Louis Dunbar, Jr., and Smith Nabor, Jr., the driver and guest passenger respectively, filed suit against Earl Taylor and his insurer, Commercial Union Insurance Company, for damages they allegedly sustained when the automobile in which they were riding collided with a vehicle driven by Taylor at the intersection of Washington Avenue and Galvez Street in the City of New Orleans. The trial judge dismissed both claims finding that Dunbar was negligent and Taylor was not. Plaintiffs have appealed.
The record reflects that Taylor’s negligence in attempting to cross a favored street from an inferior position regulated by a stop sign at a time when it was unsafe to do so was the legal cause of the collision.
At the accident site, Washington Avenue is composed of two undivided lanes, one for northbound and one for southbound traffic. There is also a lane for parking on the side of each lane reserved for moving traffic. Galvez Street is composed of two separate roadways, one for eastbound and the other for westbound traffic. Divided by a 30-foot neutral ground, each roadway has two lanes reserved for moving traffic and a third for parking. Stop signs are posted for Galvez Street traffic on both the westbound and eastbound entrances to the intersection.
On Washington Avenue, stop signs regulate traffic as it first enters the Galvez intersection from either north or south, but there is no traffic control requiring traffic to stop after traversing the wide neutral ground. In other words, motorists are not required to stop at the point where the neutral ground ends and the second Galvez roadway begins.
Taylor’s testimony alone convicts him of negligence. Apparently he erroneously *60 thought Dunbar was required to stop at the threshold of Galvez Street from the neutral ground side. Taylor, driving westbound on Galvez in the right lane, said he stopped at Washington in obedience to the sign facing him. He looked both ways and saw nothing. Then after driving slowly into the intersection approximately 10 feet beyond the sign, he first saw the Dunbar car coming from his left on Washington Avenue at a speed of 40 miles per hour. He estimated it was 15 to 25 feet away. Then he speeded up trying to beat the oncoming car because, as he perceived it, Dunbar was not going to stop for the stop sign as he should. He stated:
“Q You said you were ten feet out in the intersection?
“A When I saw him coming right through the stop sign and he claims I went through it.”
Dunbar meanwhile tried to turn sharply to his left so that he could move parallel to the Taylor vehicle and avoid the collision. Taylor claims had Dunbar not done so, plaintiff could have passed behind his car without hitting it.
The physical evidence does not bear out this contention. Fallen debris indicates the impact occurred in the right lane of Galvez and the right lane of Washington, and the damage indicates the front of the Dunbar car hit the left front fender and door of the Taylor station wagon. Dunbar had no reason to anticipate that Taylor would attempt to cross in the path of his moving vehicle without sufficient time or clearance to do so. As a reasonable man he could assume that the defendant would obey the stop sign and by so doing afford the plaintiff the right-of-way to which he was entitled. Nor is there any evidence in the record to establish that plaintiff was contributorily negligent in failing to avoid the accident.
Based on Taylor’s testimony alone and the physical evidence, we conclude he either failed to see the Dunbar car approaching from the neutral ground area before leaving his position of safety or he labored under the misapprehension that Dunbar was obligated to stop at the neutral ground entrance to the Galvez roadway. There is no proof whatever that Dunbar was negligent or contributorily negligent. Once the Dunbar vehicle traversed the first roadway of Galvez Street and entered the neutral ground area, there were no traffic controls restricting its movement.’ Plaintiff was free to continue across the remaining roadway of the intersection without being interfered with by traffic proceeding on Galvez Street. Only when existing circumstances would dictate otherwise to a reasonable and prudent driver, plaintiff had the right to proceed across the remaining segment of the intersection with the expectation that traffic approaching on Galvez would stop in obedience to the stop sign.
Therefore I think the judgment should be reversed on liability.